# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------X

HYATT EQUITIES, L.L.C.,  :  Index No. _____/20
:
        Plaintiff,  :
:
-against-  :  **SUMMONS**
:
CAPITAL ONE FINANCIAL CORPORATION  :
D/B/A CAPITAL ONE BANK D/B/A CAPITAL  :  Plaintiff designates New York
ONE AND "XYZ CORP.",  :  County as the place of trial.
:  The basis of venue is the location of
        Defendants.  :  the subject premises.
-------------------------------X

TO THE ABOVE NAMED DEFENDANT(S):

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty (20) days after service of this summons, exclusive of the day of service; or within thirty (30) days after completion of service where the service is made in any other manner than by personal delivery within the state; and in case of your failure to appear or answer, judgment will be taken against you by default, for the relief demanded in the complaint.

Dated: New York, New York
       June  10  , 2020

                                      **ROSENBERG & ESTIS, P.C.**
                                      *Attorneys for Plaintiff*

                                      By: *Michael A. Pensabene*
                                           Michael A. Pensabene
                                      733 Third Avenue
                                      New York, New York 10017
                                      (212) 867-6000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
HYATT EQUITIES, L.L.C.,

      Plaintiff,

 -against-

CAPITAL ONE FINANCIAL CORPORATION
D/B/A CAPITAL ONE BANK D/B/A CAPITAL
ONE AND "XYZ CORP.",

      Defendants.
------------------------------------------------------------X

Index No. _____/20

**VERIFIED COMPLAINT**

    Plaintiff Hyatt Equities, L.L.C. ("Landlord" or "Plaintiff") by its attorneys, Rosenberg & Estis, P.C., as and for its Complaint, alleges as follows:

### PARTIES

    1.  Plaintiff is and was at all relevant times, a foreign limited liability company organized under the laws of the State of Delaware and authorized to do business in the State of New York.

    2.  Upon information and belief, defendant Capital One Financial Corporation d/b/a Capital One Bank d/b/a Capital One ("Tenant" or "Defendant") is, and was at all relevant times, a foreign corporation organized under the laws of the State of Delaware and registered to do business in the State of New York.

    3.  Upon information and belief, defendants "XYZ Corporation," is the undertenant of Tenant ("Undertenant", together with Tenant or Defendant, "Defendants"), whose name is fictitious and unknown to Landlord, are Tenant's undertenants and in possession of the Premises (defined below).

- 2 -

## FACTS

**A.** <u>The Lease</u>

4. Landlord is the ground-lessee of the real property located at 109 East 42nd Street, New York, New York, designated as Block 1280, Lot 30, on the Tax Map of the Borough of Manhattan, City of New York, including the building and improvements thereon, which include a hotel building, known as Grand Hyatt New York (the "Building"), pursuant to the terms of a certain indenture of lease made as of the 19th day of December 1977 by and between UDC/Commodore Redevelopment Corporation, as landlord, and Wembley Realty, Inc., Landlord's predecessor-in-interest (the "Ground Lease").

5. Tenant is in possession of approximately 6,700 rentable square feet of commercial space located on the street level, of the Building, as more particularly described in Exhibit A attached hereto and made a part hereof. (the "Premises") pursuant to an Agreement of Lease (the "Lease") made as of the 7th day of July 1997 by and between Regency-Lexington Partners ("Prior Landlord"), as landlord, and GreenPoint Bank ("GreenPoint"), as tenant.

6. The Lease was subsequently assigned by Prior Landlord to Landlord.

7. In or about 2006, Tenant acquired GreenPoint and assumed the Lease as GreenPoint's successor-in-interest, together with Tenant's purchase of North Fork Bancorporation bank.

8. Tenant subsequently closed GreenPoint's operations and rebranded the banking activities at the Premises under the trade name "Capital One Bank," subject to the terms, covenants and conditions of the Lease.

9. Section 1.04(a) of the Lease requires Tenant to pay fixed rent ("Fixed Rent") to Landlord, in equal monthly installments, in advance, on the first day of each and every calendar month during the term of the Lease.

10. Section 1.04(a) of the Lease further provides that additional rent, consisting of all other sums of money ("Additional Charges") as shall become due and payable by Tenant to Landlord under the Lease.

11. Section 3.01(b) of the Lease requires Tenant to pay its proportionate share of the tax equivalency payment ("Tax Equivalency Payment), in equal monthly installments, to Landlord in the same manner and at the same time as Fixed Rent.

12. Section 22.02 of the Lease states, in pertinent part:

> If Tenant shall default in the payment of any Fixed Rent or Additional Charges, and such default shall continue for ten (10) days after notice thereof from Landlord … then in any of said cases Landlord may give to Tenant a notice of intention to end the term of this lease at the expiration of five days from the date of service of such notice of intention, and upon the expiration of said five (5) days this lease and the term and estate hereby granted, whether or not the term shall theretofore have commenced, shall terminate.

**B.    Landlord Terminates the Lease Based upon Tenant's Defaults**

13. Tenant breached the Lease by failing to pay Landlord the total amount of Fixed Rent and Additional due and owing to Landlord as of May 11, 2020, in the total amount of $111,237.24 (the "Rent Arrears").

14. Accordingly, Landlord served on Tenant a "Notice of Default," dated May 11, 2020 (the "Default Notice"), requiring Tenant to cure its defaults under the Lease by paying the Rent Arrears to Landlord on or before May 26, 2020.

15. On May 26, 2020, the expiration date of the Default Notice, Tenant only made a partial payment of the Rent Arrears, in the amount of $104,981.26, and thus Tenant failed to cure Tenant's Lease default asserted in the Default Notice.

16. Pursuant to the Default Notice, May 26, 2020 was the last day for Tenant to cure its Lease default by paying Landlord the full amount of the Rent Arrears, which had been past due since May 1, 2020.

17. On or about May 28, 2020, Landlord gave Tenant notice that the Rent Arrears were not paid in full, as required by the Default Notice, and informed Tenant that the Lease would terminate on June 8, 2020 (the "Termination Date"), as a result thereof, pursuant to the "Five (5) Day Notice of Termination," dated May 28, 2020 (the "Notice of Termination").

18. To date, Tenant has not tendered any further payments to Landlord and the balance of the Rent Arrears remains past due.

19. Further, no Additional Charges due and owing as required under the Lease have been paid by Tenant to date.

20. Tenant and Undertenant (of any) remain(s) in occupancy of the Premises, after the Termination Date, without Landlord's consent.

### AS AND FOR A FIRST CAUSE OF ACTION
(Ejectment)

21. Landlord repeats and realleges paragraphs 1 through 20 above as if set forth at length herein.

22. The Lease and Tenant's tenancy pursuant thereto have been terminated as of June 8, 2020.

23. By reason of the foregoing, Tenant does not have any right to remain in occupancy of the Premises.

24. By reason of the foregoing, Undertenant does not have any right to remain in occupancy of the Premises.

25. Tenant and Undertenant (if any) remain in possession of the Premises after the Termination Date without Landlord's permission.

26. Landlord is entitled to the immediate and actual possession of the Premises pursuant to Article 6 of the New York State Real Property Actions and Proceeding Law.

27. By reason of the foregoing, Landlord is entitled to:

   a. A judgment declaring that Landlord is entitled to immediate possession of the Premises;

   b. The issuance of a Judgment and Order of Ejectment for the Premises removing Defendants therefrom, and putting Landlord into immediate possession; and

   c. Directing the Sheriff to eject Tenant and Undertenant (if any) from the Premises; and

**AS AND FOR A SECOND CAUSE OF ACTION**
(Breach of Lease against Tenant)

28. Landlord repeats and realleges paragraphs 1 through 27 above as if set forth at length herein.

29. Tenant breached the Lease by, *inter alia*, failing to pay the Rent Arrears and other amounts of Fixed Rent and Additional Charges which became due under the Lease prior to the Termination Date on June 8, 2020 (i.e., June 2020 Fixed Rent and Tax Equivalency Payment).

30. Landlord has complied with its obligations under the Lease.

31. Pursuant to Section 24.01, as a result of Tenant's breach and the termination of the Lease pursuant to Article 22 thereof, Tenant is entitled to all Fixed Rent and Additional Rent due and owing had the Lease not been so terminated on the dates set forth in the Lease for the payment of Fixed Rent and Additional Rent.

32. The Lease term was fixed to expire on January 31, 2023.

33. The monthly Fixed Rent for the term of the Lease is in the amount of $103,707.08 per month and the monthly Additional Charges are set forth in the Lease.

34. By reason of the foregoing, Landlord is entitled to a money judgment against Tenant in an amount to be determined at trial, but not less than $3,422,333.64 plus interest.[1]

### AS AND FOR A THIRD CAUSE OF ACTION
(Use and Occupancy against Defendants)

35. Landlord repeats and realleges paragraphs 1 through 34 above as if set forth at length herein.

36. Tenant and Undertenant have held over in possession of the Premises after the Termination Date.

37. Tenant and Undertenant are liable for the fair market rental value for their use and occupancy of the Premises from June 9, 2020 through and including the date that Landlord obtains possession of the Premises.

38. By reason of the foregoing, Landlord is entitled to a money judgment against each defendant, jointly and severally, in an amount to be determined by the Court, plus interest.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Attorneys' Fees Against Tenant)

39. Landlord repeats and realleges paragraphs 1 through 38 above as if set forth at length herein.

40. Pursuant to the terms of Lease, Tenant agreed to pay the Landlord's costs, expenses and disbursements, including, without limitation, the attorneys' fees, that Landlord has incurred and will incur in connection with Tenant's breach of the Lease.

---

[1] Plaintiff hereby reserves its right to seek, *inter alia*, other amounts due under the Lease and/or damages.

- 7 -

41. Landlord has incurred and will continue to incur costs, expenses and disbursements, including, without limitation, the attorneys' fees, in connection with Tenant's breach of the Lease and this action.

42. By reason of the foregoing, Landlord is entitled to a money judgment against Tenant in an amount to be determined by the Court, plus interest.

**WHEREFORE**, Landlord demands judgment as follows:

A. On the first cause of action, (a) a judgment declaring that Landlord is entitled to immediate possession of the Premises, (b) the issuance of a Judgment and Order of Ejectment to remove defendants from the Premises and putting Landlord into immediate possession of the Premises, and directing the Sheriff to eject defendants from the Premises;

B. On the second cause of action, a money judgment against Tenant, in an amount to be determined, but no less than $3,422,333.64 million, plus interest;

C. On the third cause of action, a money judgment against defendants in an amount to be determined, plus interest;

D. On the fourth cause of action, a money judgment against Tenant in an amount to be determined, plus interest; and

E. For such other and further relief that the Court deems just and proper, including, without limitation, costs and disbursements.

Dated: New York, New York
June 10, 2020

**ROSENBERG & ESTIS, P.C.**
*Attorneys for Plaintiff*

By: *Michael A. Pensabene*
Michael A. Pensabene
733 Third Avenue
New York, New York 10017
(212) 867-6000

RE\39733\0017\3140202v5

## **VERIFICATION**

STATE OF ILLINOIS      )
                       )  ss.:
COUNTY OF COOK         )

*Robert Mangiarelli*, being duly sworn, deposes and says:

1. I am the *Vice President* of Hyatt Equities, L.L.C., the plaintiff herein.

2. I have read the foregoing Complaint and know the contents thereof, and verify that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true based on plaintiff's books and records.

_____
Name: Robert Mangiarelli
Title: Vice President

Sworn to before me this

*10th* day of June, 2020

_____
Notary Public

**OFFICIAL SEAL**
**THOMAS M PILAFAS**
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/12/24

RE\39733\0017\3140202v5

FILED: NEW YORK COUNTY CLERK 06/10/2020 01:14 PM
NYSCEF DOC. NO. 2

INDEX NO. 154151/2020
RECEIVED NYSCEF: 06/10/2020

# EXHIBIT "A"

